**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Mario Alberto MUNIZ–TAPIA,**
**Defendant–Appellant.**

No. 04–40517.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 19, 2005.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H Michael Sokolow, Christopher Atkinson Jenkins, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Mario Alberto Muniz–Tapia. *United States v. Muniz–Tapia,* 115 Fed.Appx. 719 (5th Cir.2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Muniz–Tapia v. United States,* —— U.S. ——, 125 S.Ct. 1960, 161 L.Ed.2d 770 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Muniz–Tapia argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by *Booker.* This court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *United States v. Taylor,* 409 F.3d 675, 676 (5th Cir.2005).

Muniz–Tapia argues that this court's holding in *Taylor* is not controlling because it is contrary to earlier precedent in this circuit and that plain error is therefore the proper standard of review in this case. He concedes, however, that he cannot make the necessary showing of plain error that is required by our precedent in *United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.2005), *cert. denied* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005). Moreover, this court has rejected his argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See Mares,* 402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *cert. denied* —— U.S. ——, 126 S.Ct. 194, —— L.Ed.2d —— (2005).

Because nothing in the Supreme Court's *Booker* decision requires us to change our

---

prior affirmance in this case, we reinstate our judgment affirming Muniz–Tapia's conviction and sentence.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.